IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES LONNIE BAKER, JR,

    Plaintiff,

v.                                                            CASE NO. 5:10-cv-00011-RS-AK

DEPARTMENT OF CORRECTIONS,

    Defendant.

_____/

## **O R D E R**

Plaintiff's Motion for Extension of Time to Pay the Initial Partial Filing Fee (Doc.11) is denied as moot. The partial filing fee was paid on May 3, 2010.

The Court has reviewed the Complaint and finds that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail Plaintiff another civil rights complaint that he must complete. Plaintiff should not file any service copies of the complaint at this time.

Plaintiff seeks damages for false imprisonment and complains that his probation was revoked based on hearsay evidence. Plaintiff should consider dismissing the present lawsuit and filing a petition for habeas corpus relief since his claims concern the validity of the state court conviction. A claim for damages will be barred if "establishing the basis for the damages claim necessarily demonstrate [d] the invalidity of the conviction." Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Further, the general rule is that a federal court does not act as a "super" state supreme court and review the evidentiary determinations of a state

court.  Knight v. Dugger, 863 F.2d 705, 726 (11th Cir. 1988); Shaw v. Boney, 695 F.2d 528, 530 (11th Cir.1983).  Only if a trial court's evidentiary ruling has caused a state criminal proceeding to be fundamentally unfair is a petitioner entitled to relief.  Shaw v. Boney, 695 F.2d at 530; Dickson v. Wainwright, 683 F.2d 348, 350 (11th Cir.1982); DeBenedictis v. Wainwright, 674 F.2d 841, 843 (11th Cir.1982).  Fundamental fairness is violated when the evidence is material in the sense of a crucial, critical, highly significant factor.  Shaw v. Boney, 695 F.2d at 530.  These cases concern habeas relief since that is typically the context in which these claims arise.  The Court has read the papers attached to the complaint and it appears that Plaintiff previously raised this issue or it was otherwise addressed on a state habeas petition and no fundamental unfairness was found because other, non-hearsay evidence was used to convict him.  Plaintiff has provided only a few pages from the state court decision, but he should consider that he may need to file for federal habeas relief rather than civil rights violations.  Also, Plaintiff has not named any persons whom he claims violated his civil rights.  Civil rights violations are not committed by departments or agencies; claims under 1983 must be asserted against persons who are acting on behalf of the state or its agencies.

Therefore, in amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than

conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff shall not file service copies until instructed to do so by the court.

**IT IS ORDERED:**

1. Plaintiff's Motion For Extension Of Time (Doc. 11) is **denied as moot**.

2. The clerk of court shall forward to Plaintiff another Section 1983 form.

3 Plaintiff must respond to this Order by **June 1, 2010.**

**ORDERED** on May 12, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

*Case No: 5:10-cv-00011-RS-AK*