IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES LONNIE BAKER, JR,

    Plaintiff,

v.                                                             CASE NO. 5:10cv11/RS-AK

DEPARTMENT OF CORRECTIONS,

    Defendant.

_____/

**O R D E R**

Plaintiff has filed an Amended Complaint asserting claims of false imprisonment against the Secretary of the Department of Corrections and Michael Presnell, described as "Milton Probation Parole 01-1," for damages incurred as the result of evidentiary errors he alleges occurred at his revocation hearing (Doc. 13). As he was advised by previous Order, (Doc. 12), these claims concern the validity of the state court conviction, and he is barred from pursuing a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Although Plaintiff has not addressed the circumstances of his present incarceration, he is serving a sentence for battery that is at issue in the appeal papers attached to his complaint and there is no indication that this conviction has been reversed.

**I.**     **Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th

Cir. 1993).

## II. Discussion

Plaintiff does not allege what either of the two named defendants actually did to violate his rights; his primary complaints are directed at his own attorney for having a conflict of interest and not objecting to the evidence, and at the judge, whom he alleges abused his discretion in allowing the inadmissible evidence. These type of claims are clearly habeas in nature and should be asserted in a petition pursuant to 28 U.S.C. §2254, not as civil rights violations under 42 U.S.C. §1983.

Further, as noted above, Plaintiff's claim for damages concern a conviction for which he is presently incarcerated, which he has challenged on appeal, and which has not been invalidated. Therefore, he is barred from seeking damages under Heck, *cited* supra.

Plaintiff has also filed a Motions for Appointment of Counsel (Doc. 14) and Motion of [sic] Injunction (Doc. 15). In light of the dismissal of this lawsuit, the motions are denied as moot.

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. 14) and Motion of Injunction (Doc. 15) are **denied as moot.**

2. This case is dismissed with prejudice for failure to state a claim for relief.

**ORDERED** on June 29, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**